# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TIMOTHY CATER, Individually and as
Court-Appointed Guardian and Natural
Father of Eric Devone Cater, an
Incompetent Person                                                      PLAINTIFF

v.                            No. 5:18-cv-47-DPM

ARKANSAS DEPARTMENT OF CORRECTION;
WENDY KELLEY, in Her Individual and Official
Capacities as Director of the Arkansas
Department of Correction; DALE REED, in His
Individual and Official Capacities as Chief Deputy
Director of Varner/Varner Supermax Unit;
RANDALL WATSON, in His Individual Capacity
and as Warden of Varner/Varner Supermax Unit;
JEREMY ANDREWS, in His Individual Capacity and
as Deputy Warden of Varner/Varner Supermax Unit;
ARRON STONE, in His Individual Capacity and as a
Correctional officer of Varner/Varner Supermax
Unit; and JOHN DOES 1-6                                                 DEFENDANTS

## ORDER

1.  Cater has moved to extend his time for service. Under Federal Rule of Civil Procedure 4(m), he had ninety days to serve all the defendants. He served all the named defendants except Stone, who was elusive, more than ninety but less than one hundred twenty days after filing his complaint. As best the Court can tell, though Stone has answered, Cater still hasn't served him. The Arkansas Rules of Civil

Procedure allow service within one hundred twenty days of filing; and the Federal Rules incorporate the state law about how certain parties can be served. FED. R. CIV. P. 4(e)(1). But there's a qualifier: state law for serving process can be followed "[u]nless federal law provides otherwise[.]" FED. R. CIV. P. 4(e). Therefore, the relatively new ninety-day federal time limit trumps the longer period allowed by Arkansas law.

2.  The ADC, Kelley, Reed, Watson, and Andrews have answered. № 5. They do not plead untimely service. In response to Cater's extension motion, they contend only that Cater shouldn't get more time to serve the John Does. № 10. For his part, Stone echoes this response and says more: Cater hasn't given good reasons for untimely service; any attempted service on Stone should be quashed; and Cater's claim against Stone should be dismissed for lack of timely service. № 11.

3.  The issue as to Stone is clear, so the Court starts there. He was, Cater says, hard to find and serve. № 3 & № 6. That's good cause for more time, and the Court must extend the service period for Stone. FED. R. CIV. P. 4(m).

4.  On the ADC, Kelley, Reed, Watson, and Andrews, it's clear that Cater got tangled up in the ninety/one hundred twenty days issue. These defendants point out that Cater didn't sue until a few days before the statute of limitations ran, and they've preserved a generic

limitations defense. But they do not seek to bar the suit with a combination limitations/untimely service argument. There's no other prejudice to them in an after-the-fact extension; and the law prefers decisions on the merits. The mistake is not good cause, but it is understandable. Federal Rule of Civil Procedure 4 changed in 2015, altering a time period prescribed since the Rules' advent in 1938 (2015 addition to advisory committee notes). And Cater's mistake is excusable. All material things considered, the Court exercises its discretion and does so. FED. R. CIV. P. 4(m); *Treasurer, Trustees of Drury Industries, Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893–94 (8th Cir. 2012).

5. Cater's complaint, supported by counsel's affidavit, tolled the limitations period as to the John Does. ARK. CODE ANN. § 16-56-125. Unknown defendants can't be served. The answering ADC defendants may be right that no solid claim exists against the supervisors, named as John Does 4–6. But Cater is entitled to a reasonable time to identify those supervisors, and other involved guards (John Does 1–3), who may be vulnerable to suit, and then make his argument about relation back under Federal Rule of Civil Procedure 15(c). The supervisors can make their futility argument if we get there. The service issues for any identified Does should be addressed then, too.

\* \* \*

Cater's motion, № 3, is granted as modified. The period for service is reopened and extended to 10 August 2018. Service defects on all the answering defendants except Stone are cured. Cater must find and serve Stone by the new deadline. Cater has until 9 November 2018 to identify the John Does, move to amend to bring them in, and get permission to serve them.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

11 July 2018