IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| IN THE MATTER OF ERIC DEVONE CATER<br>AN INCOMPETENT PERSON; by and through,<br>TIMOTHY CATER, GUARDIAN as Natural Father and;<br>ERIC DEVONE CATER INDIVIDUALLY;<br>and TIMOTHY CATER INDIVIDULLY | PLAINTIFFS |

v.                              CASE NO. 5:18-CV-47-DPM

| | |
|---|---|
| ARKANSAS DEPARTMENT OF CORRECTIONS;<br>WENDY KELLEY, in her Individual Capacity,<br>and in her Official Capacity as current Director of<br>the Arkansas Department of Corrections;<br>DALE REED, in his Individual Capacity,<br>and in his Official Capacity as Chief Deputy Director<br>of Varner/Varner Supermax Unit;<br>RANDALL WATSON, in his Individual Capacity and<br>as Warden of Varner/Varner Supermax Unit;<br>JEREMY ANDREWS, in his Individual Capacity<br>and as Deputy Warden of Varner/Varner Supermax Unit;<br>ARRON STONE and/or ARON STONE, a/k/a AARON STONE;<br>in his Individual Capacity and as a Correctional Officer of<br>Varner/Varner Supermax Unit JOHN DOES 1-3<br>are unknown individuals or entities who had<br>supervisory authority for the protection and safety protocol for<br>inmate safety; JOHN DOES 4-6 are unknown individuals<br>or entities who had the direct responsibility for the daily safety protocol<br>for inmates' safety. | DEFENDANTS |

<u>AMENDED COMPLAINT</u>
<u>(WITH JOHN DOE AFFIDAVIT ATTACHED)</u>

COMES now the Plaintiffs, Eric Devone Cater, an Incompetent Person, through his court appointed guardian, Timothy Cater; Eric Devone Cater, individually and Timothy Cater, as natural father, individually, by and through their attorney, Robert R. Cortinez II, and for their Complaint

1

against the Defendants, states and alleges as follows:

## INTRODUCTION

1. This is an action to secure rights, privileges and immunities guaranteed by the 8th, and 14th Amendments to the United States Constitution brought under 42 U.S.C. § 1983, 43 U.S.C. § 1988, 42 U.S.C. § 1997 (a) as well as 28 U.S.C. §§ 2201 and 2202. This court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C § 1367 (a) because the claims form part of the same case or controversy as the 42 U.S.C. § 1983 claim. Plaintiff seeks redress against Wendy Kelley, Randall Watson, Jeremy Anderson, Officer Arron Stone a/k/a Aaron Stone and John Does 1-3 and 4-6.

2. Wendy Kelley, Randall Watson, Dale Reed and Warden Jeremy Andrews, are said Defendants, as final decision and policy makers for the ADOC's Varner/Varner Supermax Unit with respect to inmate safety in the barracks. Said policies, practices and customs were deliberately indifferent to the inmates' rights to be free of cruel and unusual punishment protected by the 8th Amendment; and rights of property and liberty protected by the 14th Amendment amounting to a deprivation thereof.

3. Officer Arron Stone and/or Aron Stone, a/k/a Aaron Stone is sued as a Defendant due to his direct, illegal and deliberate participation in neglecting Plaintiff, Eric Devone Carter's safety in 3 Barracks and said direct, deliberate, and negligent participation resulted in Plaintiff, Eric Devone Cater, being attacked, beaten and injured in violation of his constitutional rights to be free from said treatment.

4. John Doe 1-3 and 4-6 whose identities are unknown, are also being sued due to their deliberate indifference to the safety, health and welfare for the Plaintiff as an inmate in the ADOC. Said John Does were aware of the danger to inmates and did nothing to protect the inmates. In addition,

said John Does either in a supervisory capacity in promulgating the rules and regulations for safety considerations or a direct capacity in failing to provide said safety considerations exhibited conscious indifference to Plaintiff, Eric Devone Cater.

5. Plaintiff, Eric Devone Cater, also seeks relief in this court for the pendant state claim of violation of his rights protected by the Arkansas Civil Rights Act of 1993, Arkansas Code Annotated § 16-123-101 et seg.

6. Plaintiff, Eric Devone Cater, also seeks relief in this court for the pendant state tort claims of outrage and negligence. Defendants, Wendy Kelley, Dale Reed, Randall Watson, Warden Jeremy Andrews, Officer Arron Stone, a/k/a Aaron Stone and John Does 1-3 and 4-6 are sued for state tort claims of outrage and negligence.

## JURISDICTION

7. The jurisdiction of this Court is invoked pursuant to the authority of 28 U.S.C. §§ 1331, 1343, 1167 (a) and 42 U.S.C. § 1983 to redress violations of Eric Devone Cater's constitutional rights guaranteed by the 8th Amendment of the United States Constitution as applied by the 14th amendments to the State of Arkansas.

8. Additionally, pursuant to its plenary power this court has jurisdiction over the pendant state tort claims and the statutory civil rights claim.

## PARTIES

9. Plaintiff, Eric Devone Cater, is a citizen of the United States and a resident of Monticello, Drew County, Arkansas.

10. The Arkansas Department of Corrections (ADOC), is a state agency vested with the authority and responsibility to operate state prisons. The agency has its headquarters in Pine Bluff, Arkansas. The Varner/Varner Supermax Unit (Varner) in Gould, AR serves as a prison unit for male

inmates.

11.     Defendant, Wendy Kelley was and is the Director of the Arkansas Department of Corrections ("ADOC") on or about February 20, 2015. Defendant, Wendy Kelley is sued in her official and individual capacity.

12      Defendant, Randall Watson, is the Warden of the Varner/Varner Supermax Unit of the ADOC and was the Warden on or about February 20, 2015. Defendant, Warden Randall Watson, is sued in his official and individual capacity.

13.     Defendant Deputy Warden Jeremy Andrews is the Deputy Warden of the Varner/Varner Supermax Unit of the ADOC and was Deputy Warden on or about February 20, 2015. Defendant, Deputy Warden Jeremy Andrews, is sued in his official and individual capacity.

14.     Defendant, Officer Arron Stone and/or Aron Stone, a/k/a Aaron Stone is a prison officer working at the Varner Unit at the time of Plaintiff, Eric Devone Cater's, injury of February 20, 2015 and is sued in his official and individual capacity.

15.     John Does 1-3 and 4-6 at all times pertinent, are employees and/or one or more administrators of ADOC whose identities are unknown who either had direct supervisory or managerial discretion over the day to day operations thereof of the ADOC, and the Varner/Varner Supermax Unit or were directly involved in the conduct and actions leading up to Plaintiff's injuries on February 20, 2015. A John Doe Affidavit is attached hereto and made a part thereof.

16.     At all pertinent times, Director Wendy Kelley, Warden Randall Watson, Warden Jeremy Andrews, Officer Arron Stone, a/k/a Aaron Stone, John Doe 1-3 and/or 4-6 were responsible for the health, safety and welfare of the inmates under their supervision. As prison inmates, they are not able to make unilateral decisions on these matters and are forced to rely entirely upon the discretion and decisions of the correctional officers over them.

17.  Defendant, Wendy Kelley, Randall Watson, Warden Jeremy Andrews, Officer Arron Stone, a/k/a Aaron Stone, and John Does 1-3 and 4-6 are collectively referred to as ADOC Defendants.

## FACTS

18.  Plaintiff, Eric Devone Cater, was processed by ADOC on or about January 25, 2015 and became an inmate at the Varner/Varner Supermax Unit. Eric Devone Cater, was housed at 3 Barracks in the Varner Unit on or about January 25, 2015. Inmate Cater had previously never been incarcerated prior to his arrival at Varner/Varner Supermax Unit to serve a nine year term of imprisonment.

19.  That on or about February 20, 2015 a fellow inmate at the Varner Unit, 3 Barracks, Clayton Shatwell, provided a hand-written note to prison correctional Officer Arron Stone, a/k/a Aaron Stone, stating that he needed to contact the Captain or Lieutenant, because an illegal contraband cellphone was in 3 Barracks. Officer Arron Stone, a/k/a Aaron Stone received the note, read the note, and passed the note back to another inmate in the barracks, namely inmate Demontierre Perry.

20.  As a result of the "snitch note" identifying a contraband cell phone by inmate Shatwell, which was provided to inmate Demontierre Perry by ADOC Officer Arron Stone, a/k/a Aaron Stone, inmate Demontierre Perry and other inmates in 3 Barracks began devising a plan to figure out who had written the "snitch note" identifying the illegal cell phone contraband. Inmate Perry and other inmates in 3 Barracks determined that the paper that the note was written came from a torn page out of inmate Clayton Shatwell's bible or book on his bed. Inmate Perry and other inmates from 3 Barracks then made plans to put a "beat-down" on inmate Shatwell.

21.  On February 20, 2015, after inmate Shatwell realized he was being targeted for

writing the "snitch note", inmate Shatwell made an urgent request to Defendant, Officer Arron Stone, a/k/a Aaron Stone, to let him out of 3 Barracks due to his fear of the impending "beat-down". The chain of events leading up to this request resulted from Officer Arron Stone's, a/k/a Aaron Stone, supplying the "snitch-note" to inmate Demontierre Perry. Officer Arron Stone, a/k/a Aaron Stone, did not allow inmate Shatwell to leave 3 Barracks and ignored his request.

22. At approximately 9:35 P.M. on February 20, 2015 several inmates, led by inmate Demontierre Perry, grouped together and began attacking and beating inmate Shatwell. During the attempted "beat-down" of inmate Shatwell, Plaintiff, Eric Devone Cater, was also violently attacked, beaten and stomped unconscious by the same group of inmates, causing Plaintiff, Eric Devone Cater, to suffer a severe, catastrophic and permanent, traumatic brain injury.

23. Per the standard policy, practices and customs established and implemented by Wendy Kelly, Randall Watson, Warden Jeremy Andrews, Officer Arron Stone, a/k/a Aaron Stone, and John Does 1-3 and 4-6, the ADOC Defendants deprived Eric Devone Cater of his constitutional rights as guaranteed under the U.S. Constitution and Eric Devone Cater was not provided the bare minimal constitutionally guaranteed safety measures necessary to protect him from such incidents as described in paragraph 16-20.

24. That after inmate Clayton Shatwel had been beaten, he again approached the door of 3 Barracks, pleading for the correction officers to intervene. Correction Officers then entered 3 Barracks and found Plaintiff Eric Devone Cater unresponsive on the floor and suffering from severe, open head wounds. Plaintiff, Eric Devone Cater, was transported to Jefferson Regional Medical Center for emergency treatment and then due to the traumatic brain injury, Plaintiff was transferred to UAMS in Little Rock, Arkansas and was listed in critical condition where he stayed for over three weeks until March 9, 2015. Plaintiff was then transferred to the medical unit at Ouachita River

Correction Facility where he was treated for traumatic brain injury, depressed skull fracture and left side paralysis. Plaintiff, Eric Devone Cater, was then released from ADOC custody on September 28, 2015.

25. Plaintiff, Eric Devone Cater, continues to suffer from intracerebral hemorrhage, depressed skull fracture, orbital fracture, and left side paralysis, as a result of the "beat-down" from the "snitch-note".

26. That prior to the February 20, 2015 "snitch-note" beat-down, Plaintiff, Eric Devone Cater, had requested to be moved from 3 Barracks on at least two occasions in the 3 ½ weeks of his incarceration due to safety concerns. These requests were ignored.

27. In addition, there have been 13 reported incidents of inmate safety issues in 3 Barracks during the year prior to this incident.

28. Plaintiff, Eric Devone Cater, is currently disabled as a result of the beating and his father, Timothy Cater, has been appointed as his legal guardian.

29. Plaintiff, Eric Devone Cater, entered the Varner/Varner Supermax Unit on or about January 25, 2015, was attacked and beaten 3 ½ weeks later on February 20, 2015 and was released from the ADOC custody due to his medical condition on September 28, 2015.

30. Furthermore, at the time he brings this lawsuit, Eric Devone Cater, is no longer a prisoner and the Prison Litigation Reform Act, (PLRA) 42 USCS § 1997 does not bar this action.

### FEDERAL CIVIL RIGHTS VIOLATIONS
### UNDER 42 U.S.C. SECTION 1983

31. Plaintiff, Eric Devone Cater, specifically incorporates and adopts by reference the allegations contained in paragraphs one 1 through 30 as if stated herein word for word.

32. The ADOC Defendants had direct and supervisory authority over the safety of its inmates. Said ADOC Defendants were delegated with final decision making authority regarding whether or not the inmates were provided protection from inmate beatings. The ADOC Defendants were aware that 3 Barracks where Plaintiff, Eric Devone Cater, was housed, was a dangerous barracks, prone to violence, and housed prisoners consisting of "lifers" or "long-timers" which required extra supervision when mixed with new younger inmates. In addition, Officer Arron Stone, a/k/a Aaron Stone, knew or should have known that supplying the "snitch note" to the inmates in 3 Barracks would jeopardize the safety of the 3 Barracks inmates. The ADOC Defendants jointly and individually made the decision that Plaintiff Eric Devone Cater and other 3 Barrack inmates would not receive the required and legal protection from vicious attacks and "beat-downs" as mandated by the 8th and 14th Amendments of the U.S. Constitution.

33. The ADOC Defendants were aware of these dangerous condition of 3 Barracks due to prior notice given by Plaintiff, Eric Devone Cater, and other inmates and the occurrence of 13 incidents in the year prior to February 20, 2015. The ADOC Defendants fostered and encouraged this dangerous environment, and individually and collectively were the final decision and policy makers on such matters, and said decisions established and in this policy, practice and custom for the Varner/Varner Supermax Unit of the ADOC. This policy of the ADOC Defendants were in deliberate indifference to the safety, welfare and health of the inmates in Barracks 3.

34. Furthermore, The ADOC Defendants' customary and routine response to inmate complaints of threats to physical safety at 3 Barracks was to do nothing at all and in this instance to actually foster inmate attacks and violence in 3 Barracks. Their decisions in that regard established the policy, practice and custom for the ADOC.

35. The aforementioned decisions were in deliberate indifference to Eric Devone Cater's

constitutional rights and required safety needs. Said decisions and actions resulted in Eric Devone Cater enduring unnecessary and needless pain and suffering and mental anguish amounting to cruel and unusual punishment. With respect to the ADOC Defendant's individual capacity, these rights were so well established on February 20, 2015, that the ADOC Defendants are not entitled to qualified immunity.

36. As stated previously, the ADOC Defendant's decisions as the final decision and policy makers with respect to the safety and welfare of the inmates under their supervision in 3 Barracks set policy for the ADOC. The ADOC, as a governmental agency, is not entitled to the protection of qualified immunity. The policies and procedures established by the ADOC Defendants as set forth in the preceding paragraphs were in deliberate indifference to Eric Devone Cater's constitutional rights. These policies were a proximate cause of the deprivation of Eric Devone Cater's rights. For such customs, policies and procedures which resulted in deliberate indifference to and the deprivation of Eric Devone Cater's rights and injury, he seeks damages as set forth herein below.

37. As a result of the known unsafe conditions in 3 Barracks and prison Officer Arron Stone's, a/k/a Aaron Stone, furnishing of the handwritten "snitch-note" from inmate Shatswell, the ADOC was on notice of the threat of serious physical harm to the inmates in 3 Barracks. The ADOC did not take any actions to correct these problems and as a result, fostered and allowed to exist a culture wherein the practice of deliberate indifference to the inmates known serious safety needs was allowed to thrive. The ADOC did not take any actions to monitor and supervise the necessary requested safety needs and thus fostered and allowed a culture, custom and practice of deliberate indifference to the inmates known serious safety needs which rose to the level of "life threatening" conduct.

38. The ADOC Defendant's actions resulting in the violation of Eric Devone Cater's rights were done in deliberate indifference to his rights protected by the Arkansas and U.S. Constitution. These actions, among other things, were the result of ADOC, its employees, named Defendant's policies, rules, regulations, practices, and customs which resulted in an abdication of its duty to:

a) Protect inmates from known "life threatening" safety hazards, attacks, and physical beatings after receiving actual and constructive notice of said hazards and beatings while ignoring safety protocol resulting in a preventable injury to Plaintiff.

b) Train and/or supervise its employees responsible to respond to and provide care for safety needs of those over whose safety care of which they had charge from attacks and beat-downs.

c) Provide adequate staff supervision;

d) Identify inadequate staff performance;

e) Prevent harm and/or loss of inmate's constitutional rights, particularly, Eric Devone Cater's physical well being due to failure to provide inmate protection for actual and known risks resulting in a severe catastrophic brain injury, permanently disabling the Plaintiff, Eric Devone Cater;

f) Adhere to applicable standards and regulations by not providing adequate safety measures for inmate safety in the barracks; to be free from attack and beat-downs as described herein.

g) To train staff with the proper policies, protocols and procedures for the safety of Eric Devone Cater and persons who face the threat of serious bodily injury in 3 Barracks under the circumstance described herein;

h) Otherwise adopt and/or follow policies and procedures with could have been reasonably expected to insure inmates safety from similar attacks and beatings.

## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT (ACRA), A.C.A. § 16-123-101 ET SEQ.

39. Plaintiff, Eric Devone Cater, specifically incorporates and adopts by reference the allegations contained in paragraphs 1 through 38 as if stated herein word for word.

40. The actions complained described above were in deliberate indifference to Eric Devone Cater's well known and established rights protected by the Arkansas Constitution and state laws to specifically include the Arkansas Civil Rights Act. Such acts of defendants are sufficient to invoke an action under A.C.A. § 16-123-101 et seq. against them for which Eric Devone Cater seeks damages as set forth below. As the result thereof he is entitled to both compensatory and punitive damages. As a result of the specified conduct, Eric Devone Cater is entitled to an award of costs to include attorney's fees.

## NEGLIEGNCE AND OUTRAGE

41. Eric Devone Cater Smith specifically incorporates and adopts by reference the allegations contained in paragraphs 1 through 40 as if stated herein word for word.

42. In addition to ADOC's negligent refusal and failure to provide necessary safety measures for inmates situated such as Eric Devone Cater, for which they had a legal duty to provide and failed to do so, causing Plaintiff the damages as described herein, the ADOC had actual knowledge of the type of injury due to the previous complaints and incidents, and deliberately placed inmate Eric Devone Cater in jeopardy and fear for his life, that could have been prevented by the issuance of proper measures for inmates in 3 Barracks.

43. The deliberate and unnecessary acts and omissions complained of herein constitute the tort of outrage pursuant to Arkansas law, in that the acts were willful, wanton and committed with reckless disregard of the natural and foreseeable consequences of such acts. Such conduct was extreme and outrageous to such a degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized society. As a natural and foreseeable result of said acts of defendants, Eric Devone Cater has suffered severe emotional distress.

DAMAGES

44. For the acts, omissions, customs, practices and policies complained of herein, Eric Cater, seeks the following relief:

    a. Damages for violation of his constitutionally and federally protected rights;

    b. Damages for the negligent and intentional acts of outrage;

    c. Damages for emotional distress, past and future;

    d. Damages for pain, suffering, past and future;

    e. For permanent physical injury, past and future;

    f. Damages for loss wages and loss of earning capacities, past and future;

    g. Damages for permanent scarring and disfigurement;

    h. Past and future medical and medically related expenses;

    i. Damages for caretaking expenses, past and future;

    j. Punitive damages; and

    k. Reasonable attorney's fees and costs.

45. Plaintiff, Eric Devone Cater, reserves the right to amend and plead further as facts are revealed upon discovery.

WHEREFORE, Plaintiff, Eric Devone Cater, requests a judgment against Defendants, in an amount in excess of federal diversity requirements, jointly and severally, for violation of his rights protected by the United States and Arkansas Constitutions; and for the pendant state tort claims, to wit: violation of the Arkansas Civil Rights Act, outrage; for punitive damages; for reasonable attorney's fees and costs; and for all other just and proper relief to which he may be entitled.

PLAINTIFF DEMANDS A JURY TRIAL.

Prepared by:

Robert R. Cortinez II, AR Bar 91117
Law Office of Robert R. Cortinez, II
P.O. Box 217
Little Rock, AR 72203
(501) 372-6000
cortinezlaw@hotmail.com

## CERTIFICATE OF SERVICE

I, Robert R. Cortinez II, do hereby certify that on this 10th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System to the following:

Christine A. Cryer
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201
christine.cryer@arkansas.gov

Jesse L. Kearney
Cross & Kearney, PLLC
P.O. Box 6606
Pine Bluff, AR 71611
cklawoffices@aol.com

Robert R. Cortinez II

13

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

IN THE MATTER OF ERIC DEVONE CATER                               PLAINTIFFS
AN INCOMPETENT PERSON; by and through,
TIMOTHY CATER, GUARDIAN as Natural Father and;
ERIC DEVONE CATER INDIVIDUALLY;
and TIMOTHY CATER INDIVIDULLY

v.                               CASE NO. 5:18-CV-47-DPM

ARKANSAS DEPARTMENT OF CORRECTIONS;                              DEFENDANTS
WENDY KELLEY, in her Individual Capacity,
and in her Official Capacity as current Director of
the Arkansas Department of Corrections;
DALE REED, in his Individual Capacity,
and in his Official Capacity as Chief Deputy Director
of Varner/Varner Supermax Unit;
RANDALL WATSON, in his Individual Capacity and
as Warden of Varner/Varner Supermax Unit;
JEREMY ANDREWS, in his Individual Capacity
and as Deputy Warden of Varner/Varner Supermax Unit;
ARRON STONE and/or ARON STONE; a/k/a AARON STONE
in his Individual Capacity and as a Correctional Officer of
Varner/Varner Supermax Unit JOHN DOES 1-3 are unknown individuals
or entities who had supervisory authority for the protection and safety protocol for
inmate safety; JOHN DOES 4-6 are unknown individuals
or entities who had the direct responsibility for the daily safety protocol
for inmates' safety.

## AFFIDAVIT OF ROBERT R. CORTINEZ II, ATTORNEY AT LAW

I, Robert R. Cortinez II, The Law Office of Robert R. Cortinez II, or lawful age, being

fully duly sworn, upon my oath, state the following:

1.      My name is Robert R. Cortinez II, Arkansas Bar No. 91117. I practice law in The

Law Office of Robert R. Cortinez II, located in Little Rock, Arkansas, and I am the attorney of

record in this case.

2. At the time of the filing the Plaintiff's Complaint in the above-styled action, the identities of John Does 1-3 and John Does, 4-6 are unknown.

3. This Affidavit is being filed with Plaintiff's Complaint pursuant to Arkansas Code Ann §16-56-125.

Prepared by:

*/s/ Robert R. Cortinez II*

Robert R. Cortinez II, Ark Bar # 91117
The Law Office of Robert R. Cortinez, II
P.O. Box 217
Little Rock, AR 72203
(501)372-6000
Fax No.: (501) 375-7669
cortinezlaw@hotmail.com

## VERIFICATION

STATE OF ARKANSAS)
                  ) ss.
COUNTY OF PULASKI)

SUBSCRIBED and sworn to before me this 10 day of August, 2018.

*Tracy Page*
NOTARY PUBLIC

My Commission Expires:
10-25-22

```
TRACY PAGE
Notary Public-Arkansas
Pulaski County
My Commission Expires 10-25-2022
Commission # 12390582
```