IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

TIMOTHY CATER, Individually and as
Court Appointed Guardian and Natural
Father of Eric Devone Cater, an incompetent
person                                                                    PLAINTIFF

v.                          No. 5:18-cv-47-DPM

ARKANSAS DEPARTMENT OF
CORRECTION;  DEXTER PAYNE, in his
Individual Capacity and in his Official
Capacity as current Director of the Arkansas
Department of Corrections;  DALE REED,
in his Individual Capacity, and in his Official
Capacity as Chief Deputy Director of
Varner/Varner Supermax Unit;  RANDALL
WATSON, in his Individual Capacity and
as Warden of Varner/Varner Supermax Unit;
JEREMY ANDREWS, in his Individual
Capacity and as Deputy Warden of Varner/
Varner Supermax Unit;  ARRON STONE,
in his Individual Capacity and as a
Correctional Officer of Varner/Varner
Supermax Unit;  and JOHN DOES 1-6,
unknown individuals or entities who had
supervisory authority for the protection
and safety protocol for inmate safety;
unknown individuals or entities who had
the direct responsibility for the daily
safety protocol for inmates' safety                        DEFENDANTS

# ORDER

**1.**     Cater was a prisoner at the Varner Unit when he was severely injured while trying to break up a fight between other inmates. The cause of the fight is disputed.  Cater says a confidential informant wrote a note to Officer Arron Stone, who was working in the control booth.  The note said two inmates had a cell phone in the barracks. Officer Stone gave the note to one of those inmates.  A group of inmates then attacked the confidential informant on the first floor of the barracks.  The ADC defendants say that there was no confidential informant in the barracks.  Officer Stone says that he didn't read the note or give it to any other inmates.  *Doc. 82-4 at 20-21.*  The ADC defendants maintain that the cause of the fight is uncertain.

It is undisputed, however, that after the fight began, Cater tried to stop it.  He left his bunk on the upper level, came downstairs, and entered the fray, trying to stop the group from fighting.  Other inmates beat Cater badly, hitting him in the head many times with a broom handle.  Officer Stone didn't intervene until other officers arrived to help.  Cater suffered severe head trauma.  His left side is paralyzed.

Cater claims that the ADC defendants failed to protect him from the attack, in part because of inadequate staffing.  He points out that Officer Stone was rehired by the ADC after having been fired because he failed to disclose a misdemeanor conviction on his first application. Cater also claims that the ADC and the supervisory defendants failed

to train prison employees (such as Officer Stone) on how to handle confidential informants.   He asserts violations of his Eighth Amendment rights under 42 U.S.C. § 1983.  Cater also brings state law claims under the Arkansas Civil Rights Act and for negligence and outrage.  Each side moves to exclude the other side's expert.  The ADC defendants also seek summary judgment on all of Cater's claims.

2.   The ADC's motion to exclude Cater's expert is mostly denied and partly granted.  Timothy Gravette is offered as an expert on the ADC's practices and procedures on the day of the incident involving Cater.  He has twenty years of experience working as a correctional officer;  nine of those were as an associate warden for the Federal Bureau of Prisons.  *Doc. 79-1 at 2.*  Gravette can testify as to whether he believes Officer Stone's actions were consistent with ADC policies and procedures.  But he can't make credibility determinations in forming his opinions.  *Nichols v. American National Insurance Co.*, 154 F.3d 875, 883 (8th Cir. 1998).  In ruling on the summary judgment motion, the Court will therefore consider the parts of Gravette's report that don't rely on credibility determinations.

3.   For the various reasons explained below, the ADC defendants' motion for summary judgment is granted.  Where there are disputed facts, the Court has taken the record in the light most favorable to Cater.  *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

First, the Arkansas Department of Corrections is not a person for the purposes of § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004). Neither are state officials acting in their official capacities. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989).

Second, the ADC defendants were not deliberately indifferent to a substantial risk of harm to Cater. *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). It's undisputed that Cater voluntarily intervened in the fight. *Doc. 93 at 13*. The Court assumes that there was a confidential informant in the barracks, and that the situation developed as Cater says. Those facts created some risk for all the inmates in the barracks. But Cater's expert agrees that Cater would not have been exposed to any appreciable risk to his safety if he had stayed put. *Doc. 82-5 at 17-18*. Cater was by his bunk on the upper level of the barracks when the fight started. He had to come down the stairs to get involved. *Doc. 93 at 13*. Though its exact duration is uncertain, the fight lasted a few minutes. *Doc. 82-14 at 6*. The ADC defendants couldn't have known of a substantial risk of harm to Cater because he wasn't involved until he put himself into the fight. *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002). The ADC defendants are therefore entitled to qualified immunity on Cater's constitutional claims. And because they didn't violate the Constitution, Cater's failure-to-train claims also fail

as a matter of law. *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007).

Third, the ADC defendants are entitled to qualified immunity on Cater's ACRA claims. The qualified immunity standards under Arkansas law are the same as under federal law. *Blevins v. Hudson*, 2016 Ark. 150, at 6-7, 489 S.W.3d 165, 169-70. Therefore, Cater's ACRA claims fail for the same reasons as his § 1983 claims.

Fourth, Cater's negligence claim fails as a matter of law. Mere negligence and even gross negligence aren't sufficient to rise to a constitutional violation. *Roach v. City of Fredericktown*, 882 F.2d 294, 297 (8th Cir. 1989). And to the extent negligence is pleaded as a separate claim, Cater has abandoned it because he didn't respond to the request for summary judgment on it. *Doc. 92*; *Whittington v. Tyson Foods, Inc.*, 21 F.4th 997, 1002 n.4 (8th Cir. 2021).

Finally, Cater's outrage claim also fails. Arkansas disfavors this tort and views it narrowly. *Crockett v. Essex*, 341 Ark. 558, 564, 19 S.W.3d 585, 589 (2000). The law requires extreme and outrageous conduct beyond all bounds of decency. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957, 69 S.W.3d 393, 403-04 (2002). Cater argues that an Eighth Amendment violation fits the tort of outrage because the violation is cruel and unusual. But the Court has held that the ADC defendants didn't violate Cater's Eighth Amendment rights. And their conduct didn't exceed all bounds of decency.

\*     \*     \*

Motion for summary judgment, *Doc. 82*, granted.   ADC defendants' motion to exclude, *Doc. 79*, mostly denied and partly granted.  Because the Court did not rely on the ADC defendants' expert report, Cater's motion to exclude it, *Doc. 81*, is denied as moot. Judgment will issue.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

1 March 2024